IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action: 06-cv-02477-RPM-MJW

IN RE:

USA BASKETBALL
Subpoena Matter.

---

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Civil Action No. 06-cv-210 (MJP)(W.D. Wash)

BADEN SPORTS, INC.,

    Plaintiff,

v.

KABUSHIKI KAISHA MOLTEN d/b/a MOLTEN CORPORATION, and
MOLTEN U.S.A., INC.,

    Defendants.

---

**ORDER REGARDING:**
**(1) THIRD PARTY USA BASKETBALL'S MOTION TO QUASH PURSUANT TO FED.**
**R. CIV. P. 45(C) AND FED. R. CIV. P. 26(C) (DOCKET NO. 1)**
**AND**
**(2) THIRD PARTY USA BASKETBALL'S MOTION FOR PROTECTIVE ORDER**
**PURSUANT TO FED. R. CIV. P. 26(C) (DOCKET NO. 2)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

    This matter is before the court pursuant to D.C.COLO.LCivR 72.1B.7 for ruling

on: (1) Third Party USA Basketball's Motion to Quash Pursuant to Fed. R. Civ. P. 45(c)

2

and Fed. R. Civ. P. 26(c) (docket no. 1) and (2) Third Party USA Basketball's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (docket no. 2).  The court has reviewed these motions, the response (docket no. 4), and the reply (docket no. 5).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Baden Sports, Inc., (hereinafter "Plaintiff") has filed a lawsuit in the United States District Court for the Western District of Washington under case number 06-cv-210 (MJP)(W.D. Wash) alleging that a Japanese corporation, Molten Corporation, and its wholly-owned United States subsidiary, Molten USA, (hereinafter "Defendants") have infringed on Plaintiff's patents and violated the Lanham Act, 15 U.S.C. § 1125, by, in part, selling infringing products and engaging in false advertising and unfair competition with respect to basketballs.

On November 30, 2006, Plaintiff served a subpoena and notice of deposition on the records custodian of USA Basketball.  See exhibit 1, subpoena attached to response (docket no. 4).  This subpoena sought three types of documents: (1) all agreements with Federation Internationale de Basketball (hereinafter "FIBA"); (2) all agreements relating to USA Basketball's use of Defendants' products; and (3) all documents relating to the qualities or characteristics of basketballs used by USA Basketball in the basketball competition.

On December 4, 2006, counsel for Plaintiff contacted USA Basketball regarding

3

the above subpoena. At that time, USA Basketball took the position that it would not produce any documents in response to the subpoena. With respect to categories 1 and 3 in the subpoena, USA Basketball took the position that it abided by the rules and regulations of FIBA and that these provisions were available on the FIBA's website. Counsel for Plaintiff asked USA Basketball's counsel whether there were any agreements with FIBA and USA Basketball, and counsel for USA Basketball admitted there were. As to category 2 in the subpoena, USA Basketball informed Plaintiff such agreements can be obtained from Defendants. Plaintiff's counsel informed USA Basketball that in responses to requests for production of documents, Defendants indicated they did not have them in their possession. See exhibits 2 and 2(c) attached to response (docket no. 4).

According to the News Release by USA Basketball on August 3, 2006 (exhibit 2a attached to response (docket no. 4)), USA Basketball is the "recognized governing body for basketball in the United States by the FIBA. Moreover, the News Release states that USA Basketball has "formed new agreements with five marketers-Chevrolet, the Coca-Cola Company, McDonald's, Gatorade and Molten (Defendant) . . . to promote their brand and products through USA Basketball exhibitions, games, media and special events." Furthermore, in the press release USA Basketball claimed that: Molten (Defendant) Worldwide Distributing will be promoting its Federation Internationale de basketball (FIBA) approved basketball. The unique 12-panel ball with two tones allowing for it to be highly noticeable on television, is the official game and practice ball of USA Basketball. Through the partnership, USA Basketball will use the

4

Molten (Defendant) ball for all practices and exhibition games.  Lastly, USA Basketball has also entered into agreements with FIBA, which may relate to the use, promotion and characteristics of the alleged infringing product.  <u>See</u> exhibit 2 a attached to response (docket no. 4).

Here, the court finds that the burden to establish that the subject subpoena is unreasonable or oppressive is on USA Basketball.  <u>See</u> <u>White v. Wirtz</u>, 402 F.2d 145, 148 (10th Cir. 1968).  The affidavit from Mr. Tooley from USA Basketball to support such burden is insufficient.  <u>See</u> Exhibit C to docket no. 1.  In short, this affidavit fails to meet USA Basketball's burden that the subject subpoena is unreasonable or oppressive.  Moreover, USA Basketball has failed to produce any other competent evidence to support a finding that production of documents as outlined in the subject subpoena would be unduly burdensome.  In addition, the court finds that such documents are relevant on the issue of Plaintiff Baden Sports, Inc.'s damages for unfair competition and false advertising in the underlying lawsuit [06-CV-210(MJP)(W.D. Wash)] and such documents are not available in the public domain.  To the extent that these documents (agreements) address the characteristics of the infringing products, such agreements are also relevant to Plaintiff Baden Sports Inc.'s patent claims.

Further, the court finds that Defendants Kabushiki Kaisha Molten d/b/a Molten Corporation and Molten U.S.A. Inc. have responded to discovery requests from Plaintiff Baden Sports, Inc. in the underlying lawsuit [06-CV-210(MJP)(W.D. Wash)].  Such discovery responses given by Defendants Kabushiki Kaisha Molten d/b/a Molten Corporation and Molten U.S.A. Inc. indicate that they do not have possession of those

5

documents that are the subject matter of the subject motions that are before this court. Lastly, there is a pending motion for a protective order filed by Plaintiff Baden Sports, Inc., in the underlying lawsuit [06-CV-210(MJP)(W.D. Wash)] which, if granted, would provide "Attorney Eyes" only protection on competitively sensitive information contained in the subject documents

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Third Party USA Basketball's Motion to Quash Pursuant to Fed. R. Civ. P. 45(c) and Fed. R. Civ. P. 26(c) (docket no. 1) is **DENIED**;

2. That Third Party USA Basketball's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) (docket no. 2) is **DENIED**;

3. That USA Basketball shall provide to Plaintiff Baden Sports Inc., those documents as outlined in the subject subpoena on or before February 15, 2007;

4. That such documents may be used for the limited purpose of the underlying lawsuit [06-CV-210(MJP)(W.D. Wash)] and for no other purpose;

5. That such documents shall be subject to any protective order that may be entered by the underlying trial court [06-CV-210(MJP)(W.D. Wash)];

6. That Plaintiff Baden Sports Inc. shall pay the costs of copying such

6

documents to USA Basketball;

7. That the parties shall meet and confer forthwith and reset the deposition of the custodian of records for USA Basketball if necessary; and,

8. That each party shall pay their own attorney fees and costs for these motions.

Done this 25th day of January 2007.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge